Chen v. Sessions

BIA
Poczter, IJ
A205 048 527

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand eighteen.

PRESENT:
>JON O. NEWMAN,
>DENNIS JACOBS,
>PETER W. HALL,
>>*Circuit Judges.*

_____

MEI HUI CHEN,
>*Petitioner,*

>v.                                                    17-430
                                                       NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Carl H.
                         McIntyre, Assistant Director;
                         Justin R. Markel, Senior
                         Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Hui Chen, a native and citizen of the People's Republic of China, seeks review of a January 19, 2017, decision of the BIA affirming a February 25, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Hui Chen,* No. A205 048 527 (B.I.A. Jan. 19, 2017), *aff'g* No. A205 048 527 (Immig. Ct. N.Y. City Feb. 25, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , and the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Chen was not credible as to her claim that family planning officials forced her to undergo sterilization in 2002, that police detained and beat her in 2011 for attending an unregistered church in China, and that she fears future religious persecution.

The agency reasonably relied in part on the demeanor exhibited by Chen and her husband. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). That finding is supported by the record, which reflects that they were unresponsive, evasive, and hesitant on cross-examination, even when answering relatively simple

3

questions about their daily life including their celebration of religious holidays, thus allowing the inference that they sought time to formulate answers rather than they testified from memory.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably found that Chen's and her husband's testimony was internally inconsistent as well as inconsistent with each other's testimony regarding when Chen told him she had been sterilized, whether her husband was in China when she was sterilized, when her husband left China for the United States, whether she discussed Christianity with her husband when she converted or (only years later when she arrived in the United States), and whether she knew that her husband's asylum application had been denied on credibility grounds. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Neither Chen nor her husband provided compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be

4

*compelled* to credit h[er] testimony." (internal quotation marks omitted)).

The agency also did not err in finding implausible Chen's and her husband's testimony that he fled a house fire on the evening of February 14, 2002, and departed China at 8:00 a.m. the following morning using a false passport with his photograph despite no prior plans to travel to the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility if the "finding is tethered to record evidence" or based on common sense).

Having questioned Chen's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with sufficient corroborating evidence. "An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably declined to afford weight to unsworn letters from Chen's mother and friend in China. *See Y.C.*

5

*v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to husband's letter because it was unsworn and from an interested witness).  The remaining evidence is not probative as to whether Chen's tubal ligation was forced, as required to establish persecution.  *See* 8 U.S.C. § 1101(a)(42).  The agency was not compelled to conclude that an unsworn letter that Chen attends church in the United States, pictures of Chen in church, and a letter from a church member stating that she has seen Chen in church were sufficient to rehabilitate Chen's claim that she is Christian.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Biao Yang*, 496 F.3d at 273.

Given the demeanor, inconsistency, implausibility, and corroboration findings, which call into question Chen's claims of past persecution, her practice of Christianity, and her credibility as a whole, the agency's adverse credibility determination is supported by substantial evidence and was dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Counsel for the Petitioner represents to this Court that "[o]n November 17, 2014, the Board sustained Chen's appeal, holding that the Immigration Judge's finding as to the credibility of testimony was clearly erroneous." Brief for Petitioner at 5. However, in its November 17, 2014, decision, the Board did not hold that the IJ's finding as to the credibility of testimony was clearly erroneous. Instead, the Board stated, "[T]he respondent has presented evidence, which was previously unavailable, and we are limited in our fact-finding authority on appeal. Consequently, we find remand warranted for the Immigration Judge to address in the first instance the respondent's evidence on appeal and its bearing on the respondent's credibility." Certified Administrative Record 243 (citations and footnote omitted).

Counsel is cautioned that any misrepresentation in future submissions will incur the risk of sanctions.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court